### HARPER v. SMITH et al.

(Supreme Court, Appellate Division, First Department. April 8, 1904.)

1. CORPORATION—ACTION BY NONRESIDENT—JURISDICTION—INJUNCTION.

Under Code Civ. Proc. § 1780, specifying the cases in which a nonresident may maintain an action against a foreign corporation, courts have no jurisdiction of such an action brought to restrain the defendant from receiving or recognizing as valid any vote by a third person till the ownership of the stock has been vested in the plaintiff and third party jointly, and then only as they may mutually agree to the vote.

2. SAME—TITLE TO STOCK—INJUNCTION PENDING LITIGATION.

Where stock in a foreign corporation, whose directors and stockholders hold all their meetings in the state, stands in the name of the defendant as trustee of the plaintiff, and the plaintiff claims title to the stock jointly with defendant, during the litigation of this claim the plaintiff is entitled to an injunction restraining defendant from voting or transferring the stock.

Appeal from Special Term, New York County.

Action by John E. Harper against Charles E. W. Smith and the United Gold & Platinum Mines Company. From an order granting an injunction, defendant Smith appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Walter W. Cooper, for appellant.
Charles J. Hardy, for respondent.

INGRAHAM, J. The relief asked for by the complaint is that plaintiff have judgment that certain shares of stock of the defendant corporation standing in the name of the defendant Smith as trustee for the plaintiff are owned by the plaintiff as co-owner with the defendant Smith; that the defendant Smith account therefor; that the said shares may not be voted or in any wise disposed of except as may be mutually agreed upon by the plaintiff and said defendant Smith, and that the defendant Smith be enjoined and restrained from exercising an exclusive voting right thereon until the record ownership of the said shares shall be vested in this plaintiff and the defendant Smith jointly, and from selling, assigning, pledging, transferring or otherwise disposing of said shares until the record ownership thereof shall be vested in the defendant Smith and the plaintiff personally, and then only as may be mutually agreed upon by said defendant Smith and the plaintiff; and that the defendant corporation be enjoined and restrained from receiving or recognizing as valid any vote cast by the defendant Smith, personally or by any agent, representative, or proxy of his, upon the said shares of stock of the defendant corporation, until the record ownership thereof has been vested in the defendant Smith and the plaintiff jointly, and then only as such vote shall be mutually agreed upon by Smith and the plaintiff.

The plaintiff and Smith are both nonresidents, and the corporation is a foreign corporation, organized under the laws of the state of Arizona. All the meetings of the corporation, however, have been held in the city and county of New York, and Smith has heretofore voted on the stock standing in his name as trustee of the plaintiff in the city of New York. It would seem that neither the plaintiff nor the defendant Smith could maintain an action against the defendant company, a foreign corporation, in the Supreme Court of this state, as, by section 1780 of the Code of Civil Procedure, an action against a foreign corporation can be maintained by a nonresident of the state only when the action is brought to recover damages for the breach of a contract made within the state or relating to property situated within the state at the time of the making thereof, or where it is brought to recover real property situated within the state or a chattel which is replevied within the state, or where the cause of action arose within the state. The plaintiff, however, has a right to resort to the courts of this state to enforce any cause of action, or to obtain any relief to which he is entitled as against the defendant Smith. The order appealed from provides that the defendant Smith, "both personally and by agent, representative, or proxy of his, be, and he hereby is,

enjoined and restrained, during the pendency of this action, from voting upon the 103,000 shares of the common and the 4,120 shares of the preferred stock of the defendant corporation in the complaint referred to, or upon any of them, to the exclusion of this plaintiff, at any meeting of the shareholders of the defendant corporation; that the said defendant Smith, both personally and by any agent, representative, or proxy of his, be, and he hereby is, restrained and enjoined, during the pendency of this action, from selling, assigning, transferring, pledging, or otherwise disposing of the said shares, or any of them, except only as may be mutually agreed upon by the said defendant Smith and this plaintiff; and that the defendant corporation be, and it hereby is, enjoined and restrained, during the pendency of this action, from accepting or recognizing as valid any vote offered by the said Smith upon the said shares of stock or any of them, except only as may be mutually agreed upon by the said defendant Smith and this plaintiff." No answer was interposed by either of the defendants, nor does the corporation appear or appeal from the order granting the injunction.

As this court has no jurisdiction over the defendant company, a foreign corporation, this injunction, so far as it restrains the corporation, was not justified. We think, however, that a case was made out which justified the court in restraining the defendant Smith, until final judgment, from selling, assigning, or transferring the said stock standing in his name and in which the plaintiff claims an interest, and from voting upon the stock, against the wishes of the plaintiff, in such a way as to imperil the plaintiff's interest if it should be finally determined that he is entitled to an interest in the stock. In the affidavit submitted in opposition to the motion, the defendant Smith claimed that by virtue of the various transactions between himself and the plaintiff he has become the absolute owner of the stock and entitled to undisturbed dominion over it. That question is to be determined upon the trial of the action, and the order appealed from maintains the existing situation until the real ownership of the stock can be determined upon the trial. The stock stands in the name of Smith as trustee for the plaintiff. Upon the face of the transaction, it would appear that the plaintiff, as the cestui que trust, would be entitled to have a voice in the disposition of this stock. The defendant is an Arizona corporation, but it is alleged, and not disputed, that all the meetings of the directors and stockholders are held in the city of New York. It is apparent that, if Smith could dispose of this stock pending the trial of the action, a judgment in favor of the plaintiff, if one should be obtained, would be valueless, as a person purchasing the stock from Smith would probably acquire such a title as against the plaintiff as would render it difficult, if not impossible, for the plaintiff to follow the stock and impress it with the trust in his favor. As the corporation does not meet in the state of Arizona, and as Smith is not there, or subject to the jurisdiction of the courts of that state, it would be a denial of justice, while entertaining the plaintiff's application to compel Smith to recognize his interest in the stock, to allow him meantime so to act in relation to the stock as to prevent the plaintiff from obtaining any benefit from the judgment if one should be

obtained. Until the question as to the real ownership of this stock is determined, we think the court below was justified in preserving the existing situation, so that any relief to which the plaintiff may be ultimately shown to be entitled can be awarded him, and the judgment enforced in this state.

If the corporation had appealed, we should have been required to modify the order appealed from, so far as the corporation is enjoined; but as there is no appeal by the corporation, it does not appear that the provision enjoining it affects Smith, and we would not be justified in modifying the order, so far as it affects the corporation, on his appeal. It follows that the order appealed from is affirmed, with $10 costs and disbursements. All concur.